Melvin Floyd THOMAS,
Plaintiff/Respondent,

v.

DIRECTOR OF REVENUE,
Defendant/Appellant.

No. 72826.

Missouri Court of Appeals,
Eastern District,
Division One.

July 21, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Gretchen E. Rowan, Asst. Atty. Gen., St. Louis, for defendant/appellant.

Charles H. Billings, Mary P. Schroeder, Bruntrager & Billings, P.C., St. Louis, for plaintiff/respondent.

PUDLOWSKI, Judge.

Melvin Floyd Thomas (Thomas) was arrested and charged with driving while intoxicated. His driver's license was suspended pursuant to Section 302.505 RSMo (1994). Thomas requested and received an administrative review of this suspension. The hearing officer sustained the suspension. Thomas then filed for a trial de novo and the trial court reinstated his license. Director of Revenue appeals. We affirm.

On 7 September 1996, Thomas was driving his vehicle on a privately owned parking lot in the City of Saint Louis. A witness saw Thomas drive in the lot and then off the end of a dock approximately 30 inches high. Thomas's car stopped with the front end resting on the ground below the dock and the rear end sticking into the air. The employee walked to the car to see if there were any injuries and then called the police.

When the officer arrived on the scene, she approached the driver who identified himself as a police officer. She did not perform any field sobriety tests. Rather, following protocol, the officer called her supervisor. Sergeant Mike Siebels (Siebels) arrived and conducted all further investigation. Siebels observed the odor of alcohol on Thomas's breath, the position of the car, and that Thomas appeared confused. Based on these facts, Siebels arrested Thomas for driving while intoxicated. Thomas was transported to the police station where a breath test was administered to him.

Pursuant to Section 302.505 RSMo (1994), the Director of Revenue suspended Thomas's driving privileges. Thomas's suspension was sustained upon administrative review. He then petitioned for a trial de novo in the circuit court. The cause was heard on 19 May 1997. The trial court found insufficient evidence to sustain the revocation and accordingly ordered the Director of Revenue to reinstate Thomas's driving privileges. This appeal follows.

The Director of Revenue contends that the trial court erred in ordering the reinstatement of Thomas's license because there was sufficient evidence to show that probable cause to arrest for driving while intoxicated and illegal blood alcohol content. We will affirm the trial court's decision unless there is no substantial evidence to support it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). When proceeding to suspend a license under Section 302.505 RSMo (1994), the Director of Revenue must show by a preponderance of evidence that (1) the police had probable cause to arrest the driver for driving while intoxicated; and (2) the driver's blood alcohol level exceeded the legal limit at the time of the arrest. *Poage v. Director of Revenue, State of Mo.*, 948 S.W.2d 194, 195 (Mo.App. E.D. 1997).

We will review the evidence regarding Thomas's blood alcohol content first since reinstatement was proper if there was insufficient evidence to find his blood alcohol level exceeded the legal limit. During the trial de novo, the results of the breath test were never admitted into evidence. The Director of Revenue avers that the records containing Thomas's results from the breath test should

be reviewed as if they were formally introduced into evidence. In support of this proposition, the Director of Revenue cites *Brotherton v. Burlington Northern Railroad*, 672 S.W.2d 133, 138 (Mo.App. E.D.1984). In *Brotherton*, there were two photographs which were formally marked, but not introduced into evidence. A witness identified and described both exhibits during his testimony and opposing counsel made no objection to either exhibit until at the end of the instruction conference, just before closing arguments. The court allowed these exhibits to be treated as if they had been formally introduced.

In contrast, the only mention of the breath test results in the instant case was to verify that the person who administered the breath test to Thomas followed the required checklist. Prior to the use of the documents, Thomas's attorney asked how the Director of Revenue planned to use them. The Director's attorney stated that he wanted to ask the witness if he prepared the documents, but that he would not ask the results of the breath test. The Director's attorney specifically stated that he was not seeking to admit the records until after the maintenance (of the machine) had been proved up. Director's attorney never offered the record into evidence, and the trial court never received it.

Since the results of the breath test were not submitted into evidence nor did the person who performed the test testify as to the numerical blood test result, the Director of Revenue failed to prove Thomas's blood alcohol content was above the legal limit. The trial court properly ordered the Director of Revenue to reinstate Thomas's license.

The judgment of the trial court is affirmed.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.